FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★ FEB 2 1 2012 ★

LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
STEVEN WILLIAM GELISH, *Estate Administrator on Behalf of Deceased Victim*,

                            Plaintiff,

          -against-

UNITED STATES and N.Y. GOVERNMENT, Officialdom Current and Post Administrations; NORTHSHORE LONG ISLAND JEWISH HOSPITAL/NSLIJ, HOSPICE CARE REHAB CENTER, Administration and Staff; NORTHSHORE LONG ISLAND JEWISH HOSPITAL/NSLIJ-PARKER JEWISH INSTITUTE, COMMUNITY HOSPICE PROGRAM; UNITED STATES PRESIDENT MR. BARACK O'BAMA [sic]; UNITED STATES VICE PRESIDENT MR. JOSEPH BIDEN; WHITE HOUSE ASSISTANT MR. MICHAEL MCNULTY; UNITED STATES DEPARTMENT OF THE TREASURY; UNITED STATES BOARD OF GOVERNORS OF THE FEDERAL RESERVE SYSTEM; UNITED STATES DEPARTMENT OF JUSTICE: U.S. ATTORNEY GENERAL MR. ERIC HOLDER; UNITED STATES DEPARTMENT OF JUSTICE: MR. ROBERT NARDOZA; UNITED STATES FEDERAL BUREAU OF INVESTIGATION DIRECTOR- ROBERT S. MUELLER; UNITED STATES EASTERN DISTRICT CENTRAL ISLIP DISTRICT COURT; UNITED STATES EASTERN DISTRICT CENTRAL ISLIP DISTRICT COURT JUSTICE MR. JOSEPH BIANCO; UNITED STATES EASTERN DISTRICT CENTRAL ISLIP DISTRICT COURT JUSTICE MS. JOANNA SEYBERT; UNITED STATES EASTERN DISTRICT CENTRAL ISLIP DISTRICT COURT PRO-SE CLERK MS. CATHY VUCOVICH; UNITED STATES EASTERN DISTRICT BROOKLYN DISTRICT COURT MS. CATHY WALSH COURTS, ATTORNEY; UNITED STATES NEW YORK STATE GOVERNOR MR. DAVID PATTERSON OFFICE; UNITED STATES NEW YORK STATE ATTORNEY GENERAL MR. ANDREW CUOMO; UNITED STATES NEW YORK STATE, CITY MAYOR MR. MICHAEL BLOOMBERG; UNITED STATES NEW YORK STATE, CITY-MANHATTAN CRIMINAL COURT DISTRICT ATTORNEY'S MR. CYRUS R. VANCE JR. OFFICE; UNITED STATES NEW YORK STATE QUEENS BOROUGH CITY COUNCILS REPRESENTATIVES

          ORDER
          11-CV-4655 (SJF)(ETB)

MS. GRACE MENG, MR. JOHN LIU and MR. PETER
VALLONE JR.; UNITED STATES NEW YORK STATE, CITY
COUNCIL SPEAKER: MS. CHRISTINE QUINN; UNITED
STATES NEW YORK STATE, NASSAU COUNTY DISTRICT
ATTORNEY MS. KATHLEEN RICE; UNITED STATES NEW
YORK STATE, NASSAU COUNTY DISTRICT ATTORNEY-
ASSISTANT DA, MR. WARREN THURER; UNITED STATES
NEW YORK STATE, QUEENS BOROUGH DISTRICT
ATTORNEY OFFICE; UNITED STATES NEW YORK STATE,
NEW YORK CITY POLICE DEPARTMENT/HEADQUARTERS;
UNITED STATES INTERNAL INTEL LAPTOP TRANSMITTER
CYBER-DIGITALTERRORISM; UNITED STATES NEW YORK
STATE, BROOKLYN OFFICE U.S. MARSHALS-MARSHAL
{032511-032911} MARTY; UNITED STATES NEW YORK
STATE, BROOKLYN OFFICE U.S. MARSHALS-MARSHAL
{032511-032911} RALPH ROSADO; UNITED STATES NEW
YORK STATE, BROOKLYN SECRET SERVICE-{032611}
KEISHA WILLIAMS; WINDSOR PARK-WP OWNERS CORP.
MANAGEMENT AND SECURITY GUARD CLARK; UNITED
STATES SOCIAL SECURITY ADMINISTRATION; UNITED
STATES SOCIAL SECURITY ADMINISTRATION- MR.
MASON WILLIS; UNITED STATES SOCIAL SECURITY
ADMINISTRATION APPEALS COUNCIL-OFFICE OF
DISABILITY; UNITED STATES SOCIAL SECURITY
ADMINISTRATION ADMINISTRATIVE LAW JUDGE HON.
SOL A. WIESELTHIER; UNITED STATES SOCIAL SECURITY
ADMINISTRATION-ALANTE SECURITY OF THE SOCIAL
SECURITY ADMINISTRATION COURTS- MR. HERALD
STEVENS; UNITED STATES SOCIAL SECURITY
ADMINISTRATION DISTRICT OFFICE 150 REPRSENTATIVE-
MS. VELAZQUEZ; UNITED STATES NOVA; UNITED
STATES QUEENS COUNTY CIVIL COURT OF NEW YORK;
L & T SUP. BARBARA OLIVERI; HON. BADILLO; HON.
RESSO; and UNITED STATES PATENT TRADEMARK
OFFICE/U.S.P.T.O.,

               Defendants.

------------------------------------------------------------------------X
FEUERSTEIN, J.

I.  Introduction

On September 26, 2011, *pro se* plaintiff Steven W. Gelish ("plaintiff") filed his sixth action in this Court pursuant to 28 U.S.C. §§ 1331, 1343, 1346(b), 1391(e)(2), 1402(b), 2671-80 and 42 U.S.C. § 1983, alleging, *inter alia*, a conspiracy between the forty-six (46) named defendants, including the President of the United States, two judges of this Court and other public officials, to deprive him of his constitutional rights. Accompanying the complaint are applications to proceed *in forma pauperis* and for the appointment of *pro bono* counsel. Plaintiff's financial status, as set forth in his declaration in support of the application to proceed *in forma pauperis*, qualifies him to commence this action without prepayment of the filing fee. See 28 U.S.C. § 1915(a). Accordingly, the application to proceed *in forma pauperis* is granted. However, for the reasons set forth below, plaintiff's complaint is *sua sponte* dismissed with prejudice and his application for *pro bono* counsel is, therefore, denied as moot.

II.  Procedural History

  A.  Litigation History

This is the sixth action commenced by plaintiff in this Court relating to the death of his mother in January 2009. On May 5, 2010, plaintiff filed two (2) *in forma pauperis* actions in this Court, both of which were assigned to the Honorable Joseph F. Bianco, United States District Judge. On August 9, 2010, plaintiff filed three (3) more *in forma pauperis* actions, all of which were assigned to the Honorable Joanna Seybert, United States District Judge, after plaintiff named Judge Bianco, among others, as a defendant in one of those actions.

1

1.   The First Action

The first action commenced by plaintiff in this Court was assigned docket number 10-CV-2021(JFB)(ETB); named North Shore Long Island Jewish Hospice Care Rehab Center and the Parker Jewish Institute Community Hospice Program as defendants; and alleged, *inter alia*, "unjust pernicious injury to health, life & inequitable, wrongful death to Ms. Annette Gelish." Plaintiff claimed that his mother's death was "[d]ue to illegal euthanasia of long periods of illegal amounts of daily limit of doses of doctor prescribed medication's, equating to homicide/manslaughter, wrongful death, a violation of civil rights, litigation and prosecution case(s)."[1] (Dkt. 10-CV-2021(JFB)(ETB), Compl. at 2). By order dated May 6, 2010, Judge Bianco granted plaintiff's application to proceed *in forma pauperis* in that action and *sua sponte* dismissed the complaint without prejudice on the basis that the Court lacked subject matter jurisdiction over plaintiff's state law wrongful death claims and that the complaint failed to give fair notice of any federal claim as required by Rule 8 of the Federal Rules of Civil Procedure. Judge Bianco, however, granted plaintiff leave to re-plead his claims to state a federal cause of action by June 15, 2010.

Although plaintiff did not file an amended complaint in accordance with the May 6, 2010 order, Judge Bianco construed a letter by plaintiff dated June 1, 2010, and the various attachments thereto, to be an amended complaint. Upon review of that submission, Judge Bianco dismissed plaintiff's state law claims for lack of subject matter jurisdiction without prejudice to re-filing those claims in state court and dismissed plaintiff's remaining claims with prejudice on the basis that the "Amended Complaint" failed to give notice of a federal claim and that "any further attempts by Plaintiff to re-plead would be futile." (Dkt. No.10-CV-2021 (JFB), Order, dated June 15, 2010,

---

[1]All grammatical and spelling errors are included without notation throughout this Order.

2

Bianco, D.J.)

### 2. The Second Action

The second action filed on May 5, 2010 was assigned docket number 10-CV-2022 (JFB)(ETB) and named the following defendants: "President Barracks O'bama;" Vice President Joseph Biden; White House Assistant Michael McNulty; the Department of the Treasury; the Board of Governors of the Federal Reserve System; the Department of Justice; United States Attorney General Eric Holder; Robert Nardoza; FBI Director Robert S. Mueller; United States Attorney General's Office; Governor David Patterson; Attorney General Andrew Cuomo; New York City Mayor Michael Bloomberg; New York City Criminal Court; New York District Attorney Cyrus Vance, Jr.; Queens City Council Representatives Grace Meng, John Liu and Peter Vallone, Jr.; City Council Speaker Christine Quinn; Nassau County District Attorney Kathleen Rice; Assistant District Attorney Warren Thurer, the Queens District Attorney's Office; the New York Police Department; and the "Fraudulent Officialdom of Internal Intel laptop digital cyberterrorism." By order dated May 6, 2010, Judge Bianco granted plaintiff's request to proceed *in forma pauperis* in that action and *sua sponte* dismissed the complaint without prejudice for failure to state a claim upon which relief may be granted and for failure to give notice of a claim. (Dkt. No. 10-CV-2022 (JFB), Order, dated May 6, 2010). Judge Bianco granted plaintiff leave to re-plead his claims in that action by June 15, 2010.

When plaintiff failed to file an amended complaint in the second action in accordance with the May 6, 2010 order, Judge Bianco *sua sponte* dismissed the complaint in that action in its entirety without prejudice for failure to prosecute under Rule 41 of the Federal Rules of Civil Procedure. (Dkt. No.10-CV-2022 (JFB), Order, dated June 15, 2010, Bianco, D.J.)

### 3. Third through Fifth Actions

On August 9, 2010, plaintiff filed three (3) *in forma pauperis* complaints, which were assigned to Judge Seybert under docket numbers 10-CV-3636 (JS)(ETB), 10-CV-3713 (JS) and 10-CV-3714 (JS)(ETB), respectively.

#### a. Third Action

In his complaint assigned docket number 10-CV-3636(JS)(ETB), plaintiff ostensibly challenged the dismissal of his two (2) prior actions by Judge Bianco and named thirty (30) defendants, including Judge Bianco. Judge Seybert *sua sponte* dismissed the complaint in that action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), finding the complaint to be "incomprehensible," (Dkt. No.10-CV-3636 (JS), Order, dated September 9, 2010, Seybert, D.J.), and plaintiff's claims to be "factually frivolous." (Id. at 8). In her order, Judge Seybert indicated, *inter alia*, that the only factual allegations contained in the complaint related to the purported excessive medication prescribed to plaintiff's mother by the administration and employees of Northshore Long Island Jewish Hospice Care Rehab Center which purportedly placed her in a drug induced coma. (Id. at 7).

Pursuant to the All Writs Act, Judge Seybert cautioned plaintiff that in light of the five (5) actions commenced by him relating to the death of his mother, and the *sua sponte* dismissal of three (3) of those actions, his continued filing of frivolous actions constitutes an abuse of the judicial process, "that similar, future complaints will not be tolerated" and that if he persists in filing frivolous actions relating to the death of his mother, the Court would impose a filing injunction requiring him to seek leave of the Court before submitting future filings and dismissing with prejudice any future action filed without first seeking leave of the Court.

4

b.  Fourth Action

The fourth action commenced by plaintiff was assigned docket number 10-cv-3713 and named the Social Security Administration, Herald Stevens, Alante Security of the Social Security Courts, Hon. Sol. A. Wieselthier, Social Security Administrative Law Judge, and Ms. Velazquez, SSA representative, as defendants. By order entered September 21, 2010, Judge Seybert, *inter alia, sua sponte* dismissed that complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), finding the complaint to be "incomprehensible" and "nonsensical," (Dkt. No.10-CV-3713 (JS), Order, dated September 17, 2010, Seybert, D.J., at 3-4), and plaintiff's claims, which appeared to be challenging a denial of social security benefits, to be "factually frivolous," (id. at 7, 9). In addition, Judge Seybert again cautioned plaintiff, in essence, that a filing injunction would be imposed by the Court pursuant to the All Writs Act if he continued abusing the judicial process by filing patently frivolous actions. (Id. at 9-11).

c.  Fifth Action

The fifth action commenced by plaintiff was assigned number 10-cv-3714 and named as defendants Northshore Long Island Jewish Hospice Care Rehab Center and Parker Jewish Institute, Community Hospice Program, the two (2) defendants named in plaintiff's original action dismissed by Judge Bianco with prejudice. By order entered November 12, 2010, Judge Seybert, *inter alia, sua sponte* dismissed that complaint with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i), finding the complaint to be "nonsensical," (Dkt. No.10-CV-3714 (JS), Order, dated November 3, 2010, Seybert, D.J., at 4); plaintiff's claims to be "factually frivolous," (id. at 9); that plaintiff's claim ostensibly seeking to compel the criminal prosecution of defendants failed to state a claim upon which relief may be granted, (id. at 5 n. 4); and that this Court lacks subject matter

5

jurisdiction over plaintiff's wrongful death, and other state law, claims, (id. at 9-10). Moreover, Judge Seybert again cautioned plaintiff, in essence, that a filing injunction would be imposed by the Court pursuant to the All Writs Act if he continued abusing the judicial process by filing patently frivolous actions. (Id. at 9-11).

### B. The Instant Action

The instant complaint was assigned to me after plaintiff named both Judge Bianco and Judge Seybert as defendants. Most of the defendants named in this case were named as defendants in one or more of plaintiff's earlier actions. Like the earlier complaints, the instant complaint is incomprehensible, factually frivolous and fails to state a claim upon which relief may be granted. The sixteen (16)-page typed complaint seemingly alleges government corruption and criminal wrongdoing relating to the death of his mother and conclusorily alleges, *inter alia*, deprivations of plaintiff's Fifth, Sixth, Eighth and Fourteenth Amendment rights in violation of 42 U.S.C. § 1983,[2] (Compl., at 8-9), as well as a deprivation of his First Amendment free speech rights, (Compl., at 14).

Specifically, the complaint alleges:

> "Pursuant to the criminalities of the matters and under the Plaintiff's civil right of the 7th Amendment . . . Plaintiff seeks this request in lieu of a [SEALED EX-PARTE DOCKET] preservation of CR pre-discoveries corroboration and prosecution proceedings, to have the General Municipal Law/GMU § 625. statutes limitations and service, to be waived/postponed of a retroactivated of this registered request under F.R.C.P. -6, 6(B)(1), and GMU § 625. until post the verdict of the criminal action/proceedings. * * *

---

[2] Plaintiff also conclusorily asserts claims pursuant to, *inter alia*, "(1) Civil Rights Act of (28 U.S.C. § 1343); (2) Federal Torts Claims Act of (28 U.S.C. §§ 2671-80); (28 U.S.C. § 1346(b)); (28 U.S.C. §1331); (28 U.S.C. § 1402(b)); 28 U.S.C. § 1391(e)(2) * * *."

> Pursuant to the criminalities of the matters of the related predominated Counterterrorism CR 3636 C.D.P.L.-docket; and under the Plaintiff's Liberty asserting the F.R.C.P. 26(f), Conference of the Parties; Planning for Discovery. Plaintiff is in request in lieu of a [SEALED EX-PARTE DOCKET] preservation of CR pre-discoveries corroboration and prosecution proceedings, to have the CV preliminary prediscovery conference/judgment scheduling post the verdict of the criminal action/proceedings.
>
> Pursuant to the criminalities of the matters and under the Plaintiff's Liberty asserting the F.R.C.P. 16.2 (A)(1) (b) (I) & (III) magistrate judge is of liberty to alter the F.R.C.P. 16(B) mandatory CV preliminary prediscovery conference/judgment scheduling order required, in lieu of defendants meet administrations exempt criteria of this rule. * * *
>
> * * *
>
> Plaintiff brings this dichotomous-plus complaint/claim on behalf of himself, and on behalf of himself as the Ms. Annette Marie Gelish Decedent Plaintiff/Victim's, Estate Administrator, to the defendants of there official capacity as Government/Professional Titles of the official Government/Professional Titles liability, as a matter of course into a concurrent equitable sequestered personal liability litigation against the defendants. To recover all damages for violations of their civil and constitutional rights under 42 U.S.C. § 1983, for violations of their rights, * * *."

(Compl. at ¶¶ II(B)- II(D), III(B)). The complaint does not contain any factual allegations in support of plaintiff's claims. Rather, plaintiff lists twenty-one (21) "titles" of claims he is asserting and categorizes those claims under the following headings: "Conflict of Interest Government Malpractice Claims," "Constitutional Law Claims," "U.S. Equality of Rights Claims," and "New York State Constitutional Law Claims." (Compl., at pp. 11-12).

The complaint further alleges:

> "Wherefore under the CV genuine issue of fact the plaintiff's has received an unconstitutional amount of constitutional deficiency, at a criminal level of a CV unethical government malpractice >>15yr duration daily episodes. Upon which there is a related CR predominated Counterterrorism corroboration-prosecution [War crimes and Capital case-commission/bench] foregoings that consists of all the defendants partes to have been partaking and aiding in a enterprise corruption Government. By acts as being a terrorists organization war criminals defendants of Guilty CR counts of a Declaration of War, for >>' 15 yrs long Declaration of War

to one legal civilian suffering of numerous disabilities, two PTSDs trepidations states defendant torture caused and they still continued with the TERRORIST's ORGANIZATIONS's LIFEBLOOD CONGERATION OF AN EXORBITANT AMOUNT OF > War crimes, crimes against humanity, legal livilyhood, of belligerent attrition torment, torture; terrorism, digital terrorism, multiple attempts of attempted homicide, serious bodily injury, reckless endangerment, a civilian Murder [Decedent victim], Enterprise R.I.C.O. Crimes, acts of financial suppression of extortion of freedom, obstructing justice acts confounding our Legal System-CONSTITUTION-LAWS etc, reminder the enterprise corruption is for own personal fain, [thus motive of the digital protest terrorism embargo].' * * *.

All this terrorism, civilian murder [the defendant induced coercion cause to society/the contributory NSLIJ hospital/staff FELONY MURDER-medical malpractice claims of full gov. Medical Malpractice Liability, under Estate Administrator], attempted homicide, hindered prosecution, (Bench/Jury, who doe victim prosecution?) Civil rights, social security Title XVI, U.S. Patent Trademark Office/U.S.P.T.O. [Obstructing of my lifes excogitations-Patents and Article 1 Section 8 Inventors-Science Arts Constitutional Provisions, more personal gain enterprise corruption], H.R.A. Benefits Obstructions, <u>with a prelim-judgment discovery and a GML claim notice **post** criminal trials.</u>

{These acts/constitute compounding there crimes - of multiple counts, extortion counts, extortion acts to maintain there freedom, by way of oppressing, [all of artificial constitution deficiencies productions to the Plaintiffs of real crimes and deprivatios; means of civil rights benefits from injury to life induced medical, sustenance and finances, along with the all plaintiff's business attempts-the civilian embargo not a state.] terrorizing, perverting etc. plaintiff's law enforcement developing, research, obstruction of the case/prosecution, for the Terrorism and Government as an entity.}

(Defendants have unconstitutionally impaired the right to my first amendment, by being the cause of my injury to life of the PTSD's Trepidation state) * * *."

(Compl. at ¶ III(C)) (emphasis in original).

Plaintiff seeks various forms of relief, including judgment declaring that defendants' conduct violated plaintiff's constitutional rights; "one state-assets conveyance deed, a billion dollars and a (relief list) full liability by the government defendant parte; and recompensing punitive pecuniary damages for the Plaintiff's personal injuries sustained, from the wrongful death medical malpractice of the NSLIJ defendants, of the equitable sequestered personal liability

8

litigation, * * * [and] punitive damages, * * * to punish Defendants for their willful government malpractice misconduct toward them and deliberate indifference reckless disregard to their rights and intents of all serious bodily injury harm, etc." (Compl. at ¶ IV(C) and (D)).

III.  Discussion

The *in forma pauperis* statute requires a district court to dismiss an *in forma pauperis* complaint if the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2)(B)(i-iii).

It is axiomatic that district courts are required to read *pro se* complaints liberally, see Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976)); Chavis v. Chappius, 618 F.3d 162, 170 (2d Cir. 2010), and to construe them "'to raise the strongest arguments that [they] suggest[].'" Chavis, 618 F.3d at 170 (quoting Harris v. City of New York, 607 F.3d 18, 24 (2d Cir. 2010)). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 124 (2d Cir. Sept. 2010); see also Jackson v. Birmingham Board of Education, 544 U.S. 167, 171, 125 S.Ct. 1497, 161 L.Ed.2d 361 (2005).

Nonetheless, a *pro se* plaintiff is still required to plead sufficient facts "to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). The pleading of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the * * * claim is and the grounds upon which it rests." Erickson v. Pardus, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007); see also

9

Arista Records, LLC v. Doe 3, 604 F.3d 110, 119-20 (2d Cir. 2010)(accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (quoting Twombly, 550 U.S. at 555, 127 S.Ct. 1955). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557, 127 S.Ct. 1955). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Twombly, 550 U.S. 544, 127 S.Ct. at 1959. The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949. A plaintiff is not required to plead "specific evidence or extra facts beyond what is needed to make the claim plausible." Arista Records, 604 F.3d at 120-1; see also Matson, 631 F.3d at 63 ("While a complaint need not contain detailed factual allegations, it requires more than an unadorned, the defendant-unlawfully-harmed-me accusation." (internal quotations and citation omitted)).

An action is "factually frivolous" when the factual contentions are "clearly baseless– that is, they are 'fanciful,' 'fantastic,' or 'delusional.'" Gallop v. Cheney, 642 F.3d 364, 368 (2d Cir. 2011) (quoting Denton v. Hernandez, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992)); see also Livingston v. Adirondack Beverage Co., 141 F.3d 434, 437 (2d Cir. 1998). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." Denton, 504 U.S. at 33, 112 S. Ct. 1728.

To the extent discernible, the allegations in plaintiff's complaint "rise to the level of the irrational or the wholly incredible," Denton, 504 U.S. at 33, and fail to state a claim on which relief may be granted. Accordingly, plaintiff's complaint is *sua sponte* dismissed. In light of plaintiff's

10

failure to properly plead a plausible claim for relief in any of the six (6) actions commenced by him, granting him leave to amend the complaint in this case will be futile. Accordingly, the complaint is dismissed with prejudice. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (holding that leave to amend, though liberally granted, may properly be denied for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.").

III.    Filing Injunction

Plaintiff filed the instant action notwithstanding Judge Seybert's three (3) prior orders clearing cautioning him that a filing injunction would be imposed upon him if he continued filing frivolous lawsuits in this Court. Accordingly, plaintiff is directed to show cause, by filing an affidavit **on or before March 19, 2012**, why an order should not issue enjoining him from filing any new civil action or proceeding in this Court without first obtaining leave of the Court by requiring him: (1) to file a motion for leave to commence any new action or proceeding in this Court, setting forth the good faith basis for the filing of the new action or proceeding, within twenty (20) days of the filing of any complaint, petition or pleading, or the action will be *sua sponte* dismissed with prejudice and without further notice to plaintiff; and (2) to append a copy of the injunction order to any complaint, petition or pleading sought to be filed in this Court and served upon all parties to the action or proceeding with the summons and complaint. See In re Martin-Trigona, 737 F.2d 1254, 1261-63 (2d Cir. 1984). However, nothing in any injunction order shall be construed to limit plaintiff's access to any United States Court of Appeals on any matter.

11

**Plaintiff's failure to file an affidavit in accordance with this order to show cause, or to otherwise respond to this order to show cause, shall result in the entry of the aforementioned injunction order without further notice.**

VI. CONCLUSION

For the foregoing reasons, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is directed to show cause **on or before March 19, 2012**, why an order should not issue enjoining him from filing any new action or proceeding in this Court without first obtaining leave of court.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ Sandra J. Feuerstein

Sandra J. Feuerstein
United States District Judge

Dated: February 21, 2012
Central Islip, New York

12